UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PARRISH HUNTER,                                                              DKT#:13-cv-6637

                          Plaintiff,                                          **COMPLAINT**

       - against -                                                          **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                                                **ECF CASE**
DET. JAMES SOUTH (Shield # 6130),
DET. MADELINE MELENDEZ (Shield # 6312),
DET. KEITH CUMMINGS (Tax ID#: 903719),
DET. CHRIS CALLOWAY (Shield unavailable),
SGT. FREDDY DOMINGUEZ (Shield unavailable),
and P.O. "JOHN DOE" # 1-10, Individually and in their
official capacities,

                        Defendants.
------------------------------------------------------------------------x

      Plaintiff, PARRISH HUNTER, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, PARRISH HUNTER, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DET. JAMES SOUTH (Shield # 6130), DET. MADELINE MELENDEZ (Shield # 6312), DET. KEITH CUMMINGS (Tax ID#: 903719), DET. CHRIS CALLOWAY (Shield unavailable), SGT. FREDDY DOMINGUEZ (Shield unavailable), and P.O. "JOHN DOE" # 1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE

CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On or about May 18, 2012, at approximately 4:34 p.m. the Plaintiff was at or near the location of 400 East 105th Street in the County and State of New York.

14. On or about May 18, 2012, at approximately 4:34 p.m.. DET. JAMES SOUTH (Shield # 6130), DET. MADELINE MELENDEZ (Shield # 6312), DET. KEITH CUMMINGS (Tax ID#: 903719), DET. CHRIS CALLOWAY (Shield unavailable), SGT. FREDDY DOMINGUEZ (Shield unavailable), and P.O. "JOHN DOE" # 1-10, and other police officers, were conducting a "buy and bust" operation and were making arrests for narcotics related crimes.

15. On or about May 18, 2012, at approximately 4:34 p.m., DET. JAMES SOUTH (Shield # 6130), allegedly observed a hand-to-hand drug transaction.

16. The Plaintiff was arrested and charged with Criminal Sale of a Controlled Substance in the Third Degree, a felony, and other related charges for participating in the alleged hand-to-hand drug transaction.

17. The criminal complaint filed in connection with the Plaintiff's criminal case alleged as follows:

> "Deponent is informed by Detective James South, shield # 06130 of the Narcotic Borough Manhattan North, that informant South observed defendants sell crack-cocaine to separately charged defendant Reynaldo Serrano under the following circumstances:

       (1) Reynaldo Serrano handed US currency to defendant Hunter near the entrance of 400 East 105th Street.

       (2) Defendant Hunter and defendant Moore then entered 115 East 103rd Street and exited a short while later.

       (3) Defendant Hunter then handed an object to Reynaldo Serrano, who placed said object in his mouth.
[. . .]"

18. The information contained in the criminal complaint was false.

19. DET. JAMES SOUTH (Shield # 6130), did not observe the Plaintiff participate in a hand-to-hand drug transaction. Nonetheless, he still claimed to have observed the Plaintiff involved in a hand-to-hand drug transaction and communicated that information to DET. MADELINE MELENDEZ (Shield # 6312) and other members of his "field team". As a result, the Plaintiff to be arrested, criminally charged, and prosecuted.

20. DET. MADELINE MELENDEZ (Shield # 6312) knew, or should have known, that the information provided by DET. JAMES SOUTH (Shield # 6130) was false.

21. Despite either knowing, or having reason to know, that the information provided by DET. JAMES SOUTH (Shield # 6130) was false, DET. MADELINE MELENDEZ (Shield # 6312), signed the criminal complaint under penalty of perjury.

22. DET. JAMES SOUTH (Shield # 6130), DET. MADELINE MELENDEZ (Shield # 6312), DET. KEITH CUMMINGS (Tax ID#: 903719), DET. CHRIS CALLOWAY (Shield unavailable), SGT. FREDDY DOMINGUEZ (Shield unavailable), and P.O. "JOHN DOE" # 1-10 did not have any probable cause to arrest the Plaintiff. However, without probable cause, and in reckless disregard for the truth, the Defendant police officers subjected the Plaintiff to an arrest and criminal prosecution.

23. At the time of Plaintiff's arrest, he was not in possession of any narcotics.

24. At no time on May 18, 2012 did the Plaintiff ever engage in a narcotics transaction.

25. At no time on May 18, 2012 was the Plaintiff in possession of any narcotics.

26. As a result of the Plaintiff's unlawful arrest he spent approximately seven (7) days in custody.

27. The Plaintiff's was required to return to court many times and proceeded to trial.

28. The Plaintiff was found not guilty of the crimes he was accused of committing after trial.

29. The criminal charges against the Plaintiff were dismissed.

30. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

33. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

36. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

39. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

40. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff and was subjected to an

illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

43. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

44. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

47. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

48. Defendants acted with malice in initiating criminal proceedings against plaintiff.

49. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

50. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

51. Defendants acted with malice in continuing criminal proceedings against plaintiff.

52. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in plaintiff's favor when all criminal charges against him were dismissed.

53. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life,

loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants including THE CITY OF NEW YORK, DET. JAMES SOUTH (Shield # 6130), DET. MADELINE MELENDEZ (Shield # 6312), DET. KEITH CUMMINGS (Tax ID#: 903719), DET. CHRIS CALLOWAY (Shield unavailable), SGT. FREDDY DOMINGUEZ (Shield unavailable), and P.O. "JOHN DOE" # 1-10, subjected the plaintiff to a violation of his civil rights, an unlawful seizure of his person, false arrest, and malicious prosecution.

56. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of THE CITY OF NEW YORK Police Department.

58. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

    (a) Failing to properly train, in general;

    (b) Failing to supervise police officers;

  (c) Subjecting persons to violations of their constitutionally protected rights;

  (d) Subjecting persons to false arrests;

  (e) Subjecting persons to malicious prosecution.

 59. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

  (a) In the case of Gittens v. South, et-al, 02-cv-07777, wherein DET. JAMES SOUTH and other police officers were alleged to have used excessive force and falsely arrested the Plaintiff without legal basis. The case settled for $70,000.

  (b) In the case of Smith v. City of New York, et-al, 04-cv-03286, DET. JAMES SOUTH and other police officers were alleged to have wrongfully arrested an individual for engaging in a drug sale. The drug sale was dismissed.

  (c) In the case of Castro v. City of New York, et-al, 07-cv-11602, DET. JAMES SOUTH and other police officers were alleged to have broken the arm of the Plaintiff and charging him with assaulting police officers. The criminal charges were dismissed against the Plaintiff and the lawsuit was settled for $26,600.

  (d) In the case of Butler v. City of New York, et-al, 05-cv-02661, DET. JAMES SOUTH and other police officers were alleged to have accused Plaintiff of making a drug sale. The criminal charges were dismissed. The civil lawsuit settled for $20,000.

  (e) In the case of Mendez v. City of New York, et-al, 12-cv-0344, 57-year old JOSE MENDEZ, a building superintendent, was at his dwelling when JAMES SOUTH telephoned him, telling MENDEZ that his mother had suffered a heart attack and MENDEZ had to come to his mother's 562 West 175th Street apartment. MENDEZ sent his wife instead, and SOUTH telephoned MENDEZ again to advise MENDEZ that his wife would be arrested unless MENDEZ came to his mother's apartment. Upon arriving at his mother's apartment, MENDEZ was arrested by SOUTH and charged with possession of drugs found in the mother's apartment. Unable to post bail, MENDEZ spent 6 days in jail until released on May 10, 2011. All charges were dismissed on October 17, 2011. The case settled October 4, 2012 for $50,000.00.

  (f) In Aponte v. City of New York, et-al, 09-cv-4300, it was alleged that on February 15, 2008, DET. MADELINE MELENDEZ, DET. CALLOWAY, and other police officers, broke down the plaintiff's door and entered her apartment at gunpoint, handcuff her in front of her children while she is clad only in her underwear, and later arrest her. All charges were dismissed on October 17,

      2008.  The case Settled 1/8/2012 for $22,500.00.

  (g) In the case of <u>Ortiz-Vinales v. City of New York</u>, et-al, 12-cv-05021, it is alleged that DET. MADELINE MELENDEZ, and other police officers, entered the apartment in which the Plaintiff was a guest of the tenants.  Mr. Ortiz-Vinales was ordered at gunpoint to lie on the floor and was repeatedly struck by the police.  Despite having found no contraband, police handcuff Mr. Ortiz-Vinales and charged him, based upon a felony complaint signed by Det. Melendez, with Criminal Possession of a Controlled Substance in the Third Degree.  Mr. Ortiz-Vinales spent several days in jail prior to his release.  All charges against him were dismissed on October 20, 2011.  The civil lawsuit was filed on June 27, 2012 and is pending.

  (h) In the case of <u>Holley v. City of New York</u>, et-al, 05-cv-00248, December 1, 2004, approximately 4:00 p.m., West 119th Street, New York, New York plaintiff was walking on the sidewalk after handing out pamphlets regarding an upcoming clothing donation drive for charity when team of NBMN investigators, including DET. KEITH CUMMINGS, arrest him and tell him, "Someone saw you sell drugs."  Mr. Holley was handcuffed and charged with Criminal Sale of a Controlled Substance in the Third Degree.  Unable to post bail, Mr. Holley remained incarcerated until "180.80 day," December 7, 2004, when he appeared before the Grand Jury, which dismissed the case. Mr. Holley filed a lawsuit in January 11, 2005.  The NYC Corporation Counsel never filed an Answer refuting any of the lawsuit's allegations; instead, the lawsuit was settled two months later on March 14, 2005 for $27,500.00.

60. Each of the aforementioned civil lawsuits allege wrongdoing of one or more of the Defendant Police Officers in this case.  Many of the civil lawsuits are similar in nature to the allegations in this case in that they claim that the Defendant police officers subjected individuals to violations of their civil rights including false arrest and malicious prosecution.

61. Despite the volume of lawsuits brought against these officers and the City of New York no action was ever taken to properly or thoroughly investigate the accusations or make any effort to correct the illegal conduct of these officers.  As a result, the Defendant police officers in this case were actually or implicitly authorized to engage in conduct that would violate the constitutional rights of citizens.  The failure of the CITY OF NEW YORK, or its employees, agents, or servants to take any corrective action to ensure proper supervision or training, or to

evaluate whether the conduct accused actually occurred, amounted to a custom, policy, usage, practice, procedure or rule of THE CITY OF NEW YORK and the New York City Police Department, which allowed Police Officers, including the Defendant Police Officers in this case, to violate the constitutional rights of citizens, including the Plaintiff herein, with impunity.

62. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiffs.

63. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

## DAMAGES AND RELIEF REQUESTED

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. All of the foregoing acts by defendants deprived PARRISH HUNTER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

67. By reason of the aforesaid conduct by defendants, plaintiff PARRISH HUNTER is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff PARRISH HUNTER demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated:  New York, NY
         August 7, 2013

By: */s/ Bryan Konoski (BK2325)*
_____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832